IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

VINCENT ELLIOT WILSON,
    Plaintiff,

v.                                               Civil Action No. 3:22cv572 (DJN)

DEPUTY QUEEN, *et al.*,
    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se*, submitted this action under 42 U.S.C. § 1983. By Memorandum Opinion and Order entered on May 16, 2023, the Court dismissed the action with prejudice, because Plaintiff failed to state a claim and his claims were legally frivolous. (ECF Nos. 19, 20.) On June 2, 2023, Plaintiff submitted a "MOTION TO ALTER OR AMEND THE JUDGMENT." (ECF No. 23.) Because Plaintiff's motion was received within twenty-eight days after the entry of the May 16, 2023 Memorandum Opinion and Order, the Court will construe this submission as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or

(3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Plaintiff fails to identify under which section he seeks relief. In sum, he states that he "requests to alter or amend the judgment to call the court's attention to matters it overlooked." (ECF No. 23, at 1.) Plaintiff, however, fails to demonstrate that the Court made a clear error of law or that reinstatement of his case is necessary to prevent a manifest injustice. Accordingly, the Rule 59(e) Motion, (ECF No. 23), will be DENIED.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: June 9, 2023